UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:  Clarence L. Depass        Case No.  14-37130
                                                                   Chapter 13
                  Debtor         /

## OBJECTION TO CLAIM

**IMPORTANT NOTICE TO CREDITOR:
THIS IS AN OBJECTION TO YOUR CLAIM**

      **This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.**

      **If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve a copy to the undersigned [attorney][trustee] OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.**

      **If your entire claim is objected to and this is a chapter 11 case, you will <u>not</u> have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes.**

      **The written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court.**

      Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1, the [trustee][debtor(s)] object(s) to the following claim filed in this case *:

| Claim No. | Name of Claimant | Amount of Claim | Basis for Objection and Recommended Disposition |
|---|---|---|---|
| 1 | Champion Mortgage Co. | $51,836.13 | Please see below. |

LF-24 (rev. 12/01/09)                         Page 1 of 3

1. The Debtor objects to the amounts claimed due for foreclosure attorneys fees and costs because the reverse mortgage does not provide for the recovery of such charges. Specifically, paragraph 11 governing reinstatement provides that foreclosure fees and costs must be capitalized:

> 11. Reinstatement. Borrower has a right to be reinstated if Lender has required immediate payment in full. This right applies even after Foreclosure proceedings are instituted. To reinstate this Security Instrument, Borrower shall correct the condition which resulted in the requirement for immediate payment in full. **Foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding shall be added to the principal balance** (emphasis supplied).

*See* reverse mortgage attached to the creditor's proof of claim; an excerpt of which is attached as Exhibit A.

2. The Debtor objects to the amounts claimed due for taxes and insurance on two grounds.

3. First, the May 16, 2014, Final Judgment in the underlying state foreclosure case itemized the amounts due for taxes and insurance. See Final Judgment attached as Exhibit B. Specifically, taxes and insurance premiums were itemized for 2012 and 2013. The proof of claim, however, seeks taxes and insurance for 2008 through 2011 (in addition to 2012 through 2014) which, if actually due, should have been included in the Final Judgment. The Final Judgment is *res judicata* as to the amounts due and owing as of the date it was entered.

4. Second, the amounts listed for insurance premiums are unreasonable. Specifically, there are two forced-placed hazard insurance charges in 2008 when there should only be one. The insurance charges nearly double from 2008 to 2009 from $3,543 to $6,405.23, remaining at an unreasonably high level up to and including 2012. In 2013, the insurance premium returns to an appropriate level at $2,700 per year.

5.  For the aforementioned reasons, the debtor respectfully requests the Court sustain his objection.

*Notwithstanding the requirements of Bankruptcy Rule 3007, up to five objections to claim may be included in one pleading. (See Local Rule 3007-1(C).)

<u>Jacqueline C. Ledón</u>
Name of Attorney

*[signature]*
Signature

_____
Attorney for Debtor

<u>3000 Biscayne Blvd., Suite 500, Miami, FL 33137</u>
Address

<u>305-438-2401</u>
Telephone

<u>0022719 - Florida</u>
Bar Number and State

The party filing this objection to claim must file a certificate of service in accordance with Local Rule 2002-1(F).

**EXHIBIT A**

CFN 2007R0510641
OR Bk 25636 Pgs 0371 - 379; (9pgs)
RECORDED 05/21/2007 14:28:34
MTG DOC TAX 1,575.00
INTANG TAX 900.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

Record and Return to:
PACIFIC REVERSE MORTGAGE, INC. /DBA FINANCIAL HERITAGE
9275 SKY PARK COURT, SUITE 125
SAN DIEGO, CALIFORNIA 92123

This document prepared by:

PACIFIC REVERSE MORTGAGE, INC. /

9275 SKY PARK COURT, SUITE 125
SAN DIEGO, CALIFORNIA 92123

_____ [Space Above This Line For Recording Data] _____

State of Florida                                FHA Case No.095-0341196-952/255
                                                0004376

# ADJUSTABLE RATE
# HOME EQUITY CONVERSION MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on **DECEMBER 12, 2006**    . The mortgagor is **CLARENCE L. DEPASS, A SINGLE MAN.**

whose address is **9156 NORTH WEST 5TH AVENUE, MIAMI, FLORIDA 33150**                                                    ("Borrower").
This Security Instrument is given to
**PACIFIC REVERSE MORTGAGE, INC. /DBA FINANCIAL HERITAGE**
                                                                              , which is
organized and existing under the laws of **THE STATE OF CALIFORNIA**    , and whose address is
**9275 SKY PARK COURT, SUITE 125, SAN DIEGO, CALIFORNIA 92123**
                                ("Lender"). Borrower has agreed to repay to Lender amounts which Lender is obligated to advance, including future advances, under the terms of a Home Equity Conversion Loan Agreement dated the same date as this Security Instrument ("Loan Agreement"). The agreement to repay is evidenced by Borrower's Note dated the same date as this Security Instrument ("Note"). This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest at a rate subject to adjustment, and all renewals, extensions and modifications of the Note, up to a maximum principal amount of
**FOUR HUNDRED FIFTY THOUSAND AND 00/100** - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
(U.S. $    **450,000.00**    ); (b) the payment of all other sums, with interest, advanced under Paragraph 5 to protect the security of this Security Instrument or otherwise due under the terms of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. The full debt, including amounts described in (a), (b), and (c) above, if not paid earlier, is due and payable on **DECEMBER 22    , 2079**    . For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in **MIAMI-DADE** County, Florida:

SF46 : 12/03                                Page 1

8. **Fees.** Lender may collect fees and charges authorized by the Secretary.

9. **Grounds for Acceleration of Debt.**

   (a) **Due and Payable.** Lender may require immediate payment in full of all sums secured by this Security Instrument if:

   (i) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower; or

   (ii) All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) is sold or otherwise transferred and no other Borrower retains title to the Property in fee simple or retains a leasehold under a lease for less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest Borrower or retains a life estate (or retaining a beneficial interest in a trust with such an interest in the Property).

   (b) **Due and Payable with Secretary Approval.** Lender may require immediate payment in full of all sums secured by this Security Instrument, upon approval of the Secretary, if:

   (i) The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower; or

   (ii) For a period of longer than twelve (12) consecutive months, a Borrower fails to occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

   (iii) An obligation of the Borrower under this Security Instrument is not performed.

   (c) **Notice to Lender.** Borrower shall notify Lender whenever any of the events listed in this Paragraph (a) (ii) or (b) occur.

   (d) **Notice to Secretary and Borrower.** Lender shall notify the Secretary and Borrower whenever the loan becomes due and payable under Paragraph 9 (a) (ii) or (b). Lender shall not have the right to commence foreclosure until Borrower has had thirty (30) days after notice to either:

   (i) Correct the matter which resulted in the Security Instrument coming due and payable; or

   (ii) Pay the balance in full; or

   (iii) Sell the Property for the lesser of the balance or 95% of the appraised value and apply the net proceeds of the sale toward the balance; or

   (iv) Provide the Lender with a deed in lieu of foreclosure.

   (e) **Trusts.** Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph 9. A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph 9.

   (f) **Mortgage Not Insured.** Borrower agrees that should this Security Instrument and the Note not be eligible for insurance under the National Housing Act within **SIXTY DAYS** from the date hereof, if permitted by applicable law Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to **SIXTY DAYS** from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. **No Deficiency Judgments.** Borrower shall have no personal liability for payment of the debt secured by this Security Instrument. Lender may enforce the debt only through sale of the Property. Lender shall not be permitted to obtain a deficiency judgment against Borrower if the Security Instrument is foreclosed. If this Security Instrument is assigned to the Secretary upon demand by the Secretary, Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

11. **Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full. This right applies even after foreclosure proceedings are instituted. To reinstate this Security Instrument, Borrower shall correct the condition which resulted in the requirement for immediate payment in full. Foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure

proceeding shall be added to the principal balance. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the Security Instrument.

12. **Lien Status.**

(a) **Modification.** Borrower agrees to extend this Security Instrument in accordance with this Paragraph 12(a). If Lender determines that the original lien status of the Security Instrument is jeopardized under state law (including but not limited to situations where the amount secured by the Security Instrument equals or exceeds the maximum principal amount stated or the maximum period under which loan advances retain the same lien priority initially granted to loan advances has expired) and state law permits the original lien status to be maintained for future loan advances through the execution and recordation of one or more documents, then Lender shall obtain title evidence at Borrower's expense. If the title evidence indicates that the Property is not encumbered by any liens (except this Security Instrument, the Second Security Instrument described in Paragraph 13(a) and any subordinate liens that the Lender determines will also be subordinate to any future loan advances), Lender shall request the Borrower to execute any documents necessary to protect the lien status of future loan advances. Borrower agrees to execute such documents. If state law does not permit the original lien status to be extended to future loan advances, Borrower will be deemed to have failed to have performed an obligation under this Security Instrument.

(b) **Tax Deferral Programs.** Borrower shall not participate in a real estate tax deferral program, if any liens created by the tax deferral are not subordinate to this Security Instrument.

(c) **Prior Liens.** Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien or forfeiture of any part of the Property; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to all amounts secured by this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

13. **Relationship to Second Security Instrument.**

(a) **Second Security Instrument.** In order to secure payments which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to execute a Second Note and a Second Security Instrument on the Property.

(b) **Relationship of First and Second Security Instruments.** Payments made by the Secretary shall not be included in the debt under the Note unless:

(i) This Security Instrument is assigned to the Secretary; or

(ii) The Secretary accepts reimbursement by the Lender for all payments made by the Secretary.

If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments, but excluding late charges paid by the Secretary, shall be included in the debt under the Note.

(c) **Effect on Borrower.** Where there is no assignment or reimbursement as described in (b)(i) or (ii) and the Secretary makes payments to Borrower, then Borrower shall not:

(i) Be required to pay amounts owed under the Note, or pay any rents and revenues of the Property under Paragraph 19 to Lender or a receiver of the Property, until the Secretary has required payment in full of all outstanding principal and accrued interest under the Second Note; or

(ii) Be obligated to pay interest or shared appreciation under the Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance under the Note.

**EXHIBIT B**

*5*

*FJUD + Text*
*1-3*    *$ 316,981.33*

# FJUD

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 13021720CA01

CHAMPION MORTGAGE COMPANY

    Plaintiff,

vs.

CLARENCE L. DEPASS A/K/A CLARENCE L. DE PASS A/K/A CLARENCE DE PASS; UNKNOWN SPOUSE OF CLARENCE L. DEPASS A/K/A CLARENCE L. DE PASS A/K/A CLARENCE DE PASS; UNKNOWN TENANT I; UNKNOWN TENANT II; BOARD OF COUNTY COMMISSIONER DADE COUNTY; CAROL BOHACH, and any unknown heirs, devisees, grantees, creditors, and other unknown persons or unknown spouses claiming by, through and under any of the above-named Defendants,,

    Defendant(s).

*[Stamp: FINAL ORDERS AS TO ALL PARTIES SRS DISPOSITION NUMBER____ THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL PARTIES. Judge's Initials___]*

*[Stamp: FILED FOR RECORD 2014 MAY 16 PM 4:27]*

*9/16/14*

*FORECLOSURE*

## FINAL JUDGMENT OF FORECLOSURE

**THIS ACTION** was heard before the Court at Non Jury Trial on Plaintiff's y Final Judgment on May 16, 2014. On the evidence presented, **IT IS ORDERED AND ADJUDGED** that Plaintiff's Judgment is **GRANTED** against all Defendants listed by name: CLARENCE L. DEPASS A/K/A CLARENCE L. DE PASS A/K/A CLARENCE DE PASS; UNKNOWN SPOUSE OF CLARENCE L. DEPASS A/K/A CLARENCE L. DE PASS A/K/A CLARENCE DE PASS; UNKNOWN TENANT I; UNKNOWN TENANT II; BOARD OF COUNTY COMMISSIONER DADE COUNTY; CAROL BOHACH, and any unknown heirs, devisees, grantees, creditors, and other unknown persons or unknown spouses claiming by, through and under any of the above-named Defendants,.

1. **Amounts Due and Owing.** Plaintiff is due:

| | |
|---|---|
| Principal due on the note secured by the mortgage foreclosed: | $229,130.64 |
| Interest on the note and mortgage from October 18, 2011 to May 16, 2014 | $48,207.50 |
| Per diem interest at _____ %($ _____ per diem) from _____ to _____ | $0.00 |

B&H # 321575

| | |
|---|---|
| Title search expenses | $200.00 |
| Taxes for the year of 2012 | $1,187.27 |
| Taxes for the year of 2013 | $2,548.13 |
| Insurance premiums for 2012 | $10,802.78 |
| Insurance premiums for 2013 | $2,700.00 |
| MIP | $15,694.98 |
| **Court Costs:** | |
| Filing fee, electronically field (Florida) | $1,908.50 |
| Mandatory Clerk Costs, per summons issued | $60.00 |
| Service of Process – unknown spouse | $40.00 |
| Service of Process – unknown tenant | $70.00 |
| Service of Process – known (named) defendant | $135.00 |
| Record Lis Pendens – electronic filing (Florida) | $9.00 |
| Publication for Notice of Action | $180.00 |
| Diligent Search | $75.00 |
| E-file Processing Cost | $57.53 |
| **SUBTOTAL** | **$313,006.33** |
| **Additional Costs:** | |
| Service Fees | $3,150.00 |
| Appraisals | $325.00 |
| Property Inspections | $500.00 |
| **SUBTOTAL** | **$316,981.33** |
| **Attorney fees** based upon _____ hours at $_____ per hour (*The requested attorney's fee is a flat fee the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the Court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.) | $0.00 |
| Less: Undisbursed escrow funds | $0.00 |
| **SUBTOTAL** | **$316,981.33** |
| Per diem at $_____ from _____ to _____ | $0.00 |
| **GRAND TOTAL** | **$316,981.33** |

2. **Interest.** The grand total amount referenced in Paragraph 1 shall bear interest from this date forward at the prevailing legal rate of interest, 4.75% a year.

3. **Lien on Property.** Plaintiff, whose address is 2501 S. State Highway 121 Business Convergence Building 1, Lewisville, TX 75067, holds a lien for the grand total sum superior to all claims or estates of the defendant(s), on the following described property in Miami-Dade County, Florida:

BEGINNING 25 FEET WEST OF THE NORTHEAST CORNER OF THE SOUTH 1/2 OF THE SOUTHEAST 1/4 OF THE NORTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 1, TOWNSHIP 53 SOUTH, RANGE 41 EAST, THENCE RUN WEST 146 FEET, THENCE RUN SOUTH 110.60 FEET; THENCE RUN EAST 146 FEET; THENCE RUN NORTH 110.60 FEET TO THE POINT OF BEGINNING, LYING AND BEING IN MIAMI-DADE COUNTY, FLORIDA.

Property address: 9156 NW 5th Avenue, Miami, FL 33150

4. **Sale of property.** If the grand total amount with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on _____, 2014, to the highest bidder for cash, except as prescribed in Paragraph 6, at: **www.miamidade.realforeclose.com the Clerk's website for on-line auctions at 9:00 a.m.** after having first given notice as required by Section 45.031, Florida Statutes.

5. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for the sale shall be responsible for documentary stamps affixed to the certificate of title. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

6. **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

7. **Right of Possession.** Upon filing of the Certificate of Sale, defendant(s) and all persons claiming under or against defendant since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat., if any. Upon filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property, subject to the provisions of the Protecting Tenants at Foreclosure Act of 2009, which was extended until 12/31/14 by the Dodd-Frank Wall Street Reform and Consumer Protection Act.

8. **Jurisdiction.** The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments.

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO

B&H # 321575

ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

(If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the final judgment shall additionally contain the following statement in conspicuous type.)

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 140 WEST FLAGLER STREET, ROOM 908, MIAMI, FLORIDA (TELEPHONE: (305) 375-5943), WITHIN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LEGAL AID SOCIETY AT THE DADE COUNTY BAR ASSOCIATION, 123 N.W. FIRST AVENUE, SUITE 214, MIAMI, FLORIDA, (TELEPHONE: (305) 579-5733), TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE DADE COUNTY BAR ASSOCIATION LEGAL AID SOCIETY, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

DONE AND ORDERED in Chambers in Miami Dade County, Florida, this 16 day of May, 2014.

Circuit Judge

JORGE E. CUETO
CIRCUIT COURT JUDGE

B&H # 321575

Copies furnished to <u>all</u> parties:

Amanda Ann Shough, Esquire
B&H# 321575
BUTLER & HOSCH, P.A.
3185 South Conway Road, Suite E
Orlando, Florida 32812
Attorney for Plaintiff
as107073@butlerandhosch.com
FLPleadings@butlerandhosch.com

Carol Bohach
9156 NW 5th Avenue
Miami, FL 33150

Thomas H. Robertson, Esq.
R. A. Cuevas, Jr.
Stephen P. Clark Center
111 NW First Street, Suite 2810
Miami, FL 33128
dmr2@miamidade.gov
Attorney for Defendant Board Of County Commissioner Dade County

Kevin L. Hagen, Esquire
Law Offices of Hagen & Hagen, P.A.
3531 Griffin Road
Ft. Lauderdale, FL 33312
eFilings@HagenLawFirm.com; wmoura@HagenLawFirm.com
Attorney for Defendant Clarence L. Depass   A/K/A Clarence L. De Pass A/K/A Clarence De Pass

Unknown Spouse of Clarence L. Depass
9156 NW 5th Avenue
Miami, FL 33150

Unknown Tenant I n/k/a George Depass
9156 NW 5th Avenue
Miami, FL 33150

B&H # 321575